IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. DOUGHERTY and ANARGYROS KEREAKES, individually and on behalf of other similarly situated members of the Chicago Police Department, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 15 CV 10975 |
| vs. | ) ) | Judge Charles P. Kocoras |
| CITY OF CHICAGO, an Illinois Municipal Corporation, | ) ) ) ) | Magistrate Judge Mary M. Rowland |
| Defendant. | ) | Jury Demanded |

**FOURTH AMENDED COMPLAINT**

1. This is an individual, collective, and class action brought by William Dougherty, a Chicago Police Officer, on behalf of himself ("Plaintiff Dougherty" or "Plaintiff P.O.") and other similarly situated members below the rank of sergeant of the Chicago Police Department, Anargyros Kereakes, a Chicago Police Sergeant, on behalf of himself ("Plaintiff Kereakes" or "Plaintiff Sgt.") and other similarly situated members at the rank of sergeant or lieutenant ("Supervisors") in the Chicago Police Department, for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA"), the Illinois Wage Payment Collection Act as amended, § 820 ILCS 115/1, *et. seq.* (hereinafter "IWPCA"), and the Illinois Minimum Wage Law, § 820 ILCS 105/1 *et. seq.* (hereinafter "IMWL"), for declaratory relief, unpaid compensation, unpaid overtime compensation, liquidated damages, punitive damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

2. Defendant has willfully violated the FLSA and IMWL by intentionally failing and refusing to pay Plaintiff Dougherty and Plaintiff Kereakes (collectively known as "Named Plaintiffs"), and all other employees similarly situated ("putative classes"), compensation due them under the FLSA and IMWL, and their implementing regulations. Defendant administered a compensation system that failed to account for hours worked in Defendant's various special employment, special events, and "overtime" programs as part of their total hours worked in a work period, thereby not paying Plaintiffs for overtime hours and wages in accordance with the FLSA and IMWL.

3. Additionally, Defendant has willfully violated the FLSA and IMWL by intentionally failing and refusing to pay Named Plaintiffs and the putative classes overtime compensation at the rate of one and one-half times the "regular rate" for the hours worked in excess of the hours provided for in the FLSA, IMWL, and IWPCA.

4. Defendant has willfully violated the IWPCA by intentionally failing and refusing to pay Plaintiff Kereakes and the putative class of Supervisors a "rank credit" consisting of an agreed-upon three-quarters of an hour of compensation for each day worked in excess of four hours.

## JURISDICTION

5. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and, 28 U.S.C. §§1331, 1337, and 1367(a).

6. Declaratory relief is authorized under 28 U.S.C. §§2201-2202, and 29 U.S.C. §216(b).

7. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

8. The Named Plaintiffs and the putative classes are employees of Defendant, within the meaning of FLSA, 29 U.S.C. §203(e), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3. As shown by the written consents of Named Plaintiffs attached to this complaint, Named Plaintiffs have consented to become members of this collective action pursuant to 29 U.S.C. §216(b). See attached Exhibits 1 and 2. Named Plaintiffs are adult resident citizens of the Northern District of Illinois employed by the Chicago Police Department. Additionally, Named Plaintiffs allege class action IMWL claims, on behalf of employees similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Plaintiff Kereakes additionally alleges a class action IWPCA claim on behalf of Supervisors.

9. The Defendant, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois. The Defendant is, and at all relevant times, has been, the employer of the Named Plaintiffs and the putative classes. The Chicago Police Department is a public agency of the City of Chicago engaged in law enforcement activities.

10. The Defendant, City of Chicago, is an employer within the meaning of the FLSA § 29 U.S.C. 203(d), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3.

## BACKGROUND

11. On February 19, 1985, the Supreme Court held in *Garcia v. San Antonio Metropolitan Transit Authority*, 105 S. Ct. 1005 (1985) that the FLSA applies to state and local employees. On November 13, 1985, the FLSA Amendments of 1985, (Public Law 99-150) was enacted. The FLSA Amendments of 1985 adjusted the provisions of the Act specifically to the concerns of public employees. Under the 1985 Amendments, liability for compliance with the FLSA became applicable to the Chicago Police Department on April 15, 1986.

12. In accordance with 29 U.S.C. § 207(k) and 29 C.F.R. § 230(b) of the FLSA, the Named Plaintiffs and the putative classes, as employees of a public agency engaged in law enforcement activities, earn overtime wages at the rate of one and one-half times the regular rate ("FLSA OT Rate") at which they are employed for hours worked in excess of one hundred and seventy-one (171) hours in a twenty-eight (28) day work period.

13. Named Plaintiffs and the putative classes work or have worked for Defendant's Chicago Police Department in their respective capacities as non-exempt employees under the FLSA and IMWL.

14. Named Plaintiffs and the putative classes are and were compensated on an hourly basis.

15. Defendant knew that Named Plaintiffs and the putative classes performed work that required payment of wages and overtime compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Named Plaintiffs and the putative classes for all hours worked in excess of one hundred and seventy-one (171) in a given twenty-eight (28) day work period at their FLSA OT rate in accordance with the FLSA and IMWL.

16. Defendant has created and administered numerous special employment, special events, and "overtime" programs that all pay Named Plaintiffs and the putative classes at a rate less than their FLSA OT rate, and their overtime rate as provided for in their wage agreements and past practices, regardless of whether those employees work a total of more than one hundred and seventy-one (171) hours in a twenty-eight (28) day work period.

17. Specifically, the special employment, special events, and "overtime" programs referred to in paragraph sixteen (16) include, but are not limited to, the Police Department's

Violence Reduction Initiative ("VRI"); Parks Initiative; a seatbelt enforcement program known as "Belt;" a traffic enforcement program known as "Crosswalk;" a program known as "POTUS Detail" for officers working perimeter security around President Obama's house; a traffic enforcement program known as "Special Employment Roadside;" a program know as "Speed Enforcement;" a train platform security program known as "UUT Protect Team;" a traffic program called "Special Employment Saturation;" and a variety of voluntary work opportunities known as "Special Events."

18. VRI is the largest of the aforementioned programs. VRI is performance-based wherein non-exempt members of the Chicago Police Department must first meet certain work quotas based on police activity in order to qualify to work.

19. In addition to requiring minimum work quotas for qualification, the Chicago Police Department states "Officers may be suspended from the program for lack of activity during [VRI] assignments."

20. VRI work shifts are eight (8) hours in duration, can be worked on any day of the week, and only on regular days off or furlough days. Officers are selected to work VRI approximately one month in advance.

21. Defendant fails to include any of the hours worked by any of its non-exempt sworn police personnel in all special employment, special events, and "overtime" programs, including, but not limited to, VRI, Parks, Belt, Crosswalk, POTUS Detail, Special Employment Roadside, Speed Enforcement, UUT Protect Team, Special Employment Saturation, and Special Events into the total hours worked by those officers, sergeants and lieutenants in a twenty-eight (28) day work period, as required by the FLSA and IMWL.

22. Defendant's failure to include hours worked in the special employment, special events, and "overtime" programs, as part of the total hours worked toward the one-hundred and seventy-one (171) hour threshold routinely hinders or prevents officers from being paid overtime compensation in accordance with the FLSA and IMWL.

23. In accordance with the FLSA, pay for special employment, special events, and "overtime" programs is not excluded from the regular rate under 29 U.S.C. 207(e), and therefore, should have been included in the regular rate of pay of the Named Plaintiffs and putative classes.

24. Defendant's conduct, as set forth in this complaint, was willful and in bad faith, and caused significant damages to Named Plaintiffs and the putative classes.

25. Willfulness and bad faith are apparent when one considers how Defendant has for years administered a similar "overtime" program known as VRE and Bureau of Organized Crime VRI ("BOC VRI") that is available only to members of no-bid and specialized units within the Chicago Police Department.

26. Hours worked by officers in VRE and BOC VRI were included in the total hours worked by those officers, sergeants and lieutenants in a twenty-eight (28) day work period, as required by the FLSA; while hours worked in other special employment, special events, and "overtime" programs, were not.

27. Additionally, in accordance with the FLSA, the Defendant is obligated to pay all officers that held a rank below sergeant, retroactive wage increases for all sums recovered that represent FLSA overtime hours worked in the special employment, special events, and "overtime" programs, by those officers between July 1, 2012, and June 30, 2013.

28. Defendant violated the wage agreements between itself and the Chicago Police Sergeants and Lieutenants (attached as Exhibits 3-5) when it failed to pay them a rank credit of

6

three-quarters of one-hour for each instance of working more than four hours in any of the special employment, special events, and "overtime" programs. (*See* Ex 3, Section 20.10; Ex. 4, Section 20.10; Ex. 5, City Agreements to Pay Rank Credit to Sgts. and Lts. (Exhibits 3-5 collectively known as "Rank Credit Agreements").

29. Defendant violated and continues to violate the FLSA and the IMWL by failing to include out-of-grade pay earned by non-exempt sworn Chicago Police personnel into the regular rate of pay.

30. Out-of-grade pay is earned when a non-exempt officer works temporarily at a higher pay grade and it is the difference between the officer's normal hourly rate of pay and his/her increased out-of-grade pay that is unlawfully excluded from the regular rate.

31. As a result, all non-exempt officers that worked in excess of 171 hours in any 28-day work period where they also received out-of grade pay from the Defendant were underpaid.

32. The similarly situated employees include three putative classes.

33. The first class is defined as follows: All current and former sworn Chicago Police Department members who, within the statutory time period applicable to their FLSA and IMWL claims, in at least one 28-day work period, worked any one or more of the Defendant's special employment, special events, and "overtime" programs, including, but not limited to, those programs known as VRI, Parks, Belt, Crosswalk, POTUS Detail, Special Employment Roadside, Speed Enforcement, UUT Protect Team, Special Employment Saturation, and Special Events, and worked a total of 171 hours or more.

34. The second class is defined as follows: All current and former sworn Chicago Police Department members who, on or after November 21, 2013, in at least one 28-day work period, earned "out-of-grade" pay, and worked a total of 171 hours or more.

7

35. The third class is defined as follows: All current and former sworn Chicago Police Department Sergeants and Lieutenants who, on or after July 1, 2007, worked at least one day consisting of four hours or more in any one or more of the Defendant's special employment, special events, and "overtime" programs, including, but not limited to, those programs known as VRI, Parks, Belt, Crosswalk, POTUS Detail, Special Employment Roadside, Speed Enforcement, UUT Protect Team, Special Employment Saturation, and Special Events.

## COUNT I:
## VIOLATION OF THE FLSA
### (Collective Action for Declaratory Relief and Monetary Damages)

36. Named Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

37. Named Plaintiffs and the putative classes have worked in excess of one hundred and seventy-one (171) hours in at least one twenty-eight (28) day work period and were not paid their full overtime compensation by the Defendant.

38. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, Defendant violates FLSA overtime requirements by failing to provide full overtime compensation to Named Plaintiffs and the putative classes for hours worked in excess of one hundred and seventy-one (171) at a rate not less than one and one-half (1½) times the regular rate at which they are employed.

39. This claim for declaratory relief, monetary damages, liquidated damages, attorney's fees, and costs is properly brought under and maintained as an opt-in Collective Action pursuant to the FLSA, 29 U.S.C. § 216(b), by Plaintiffs and on behalf of the putative classes.

40. Named Plaintiffs and the putative classes are, and have been, similarly situated, have and have had, substantially similar job requirements and pay provisions, and are, and have

8

been, subject to the Chicago Police Department decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules. The claims of the Named Plaintiffs stated herein are the same as those of the putative classes.

41. Named Plaintiffs, individually and on behalf of the putative classes, seek relief on a collective basis challenging, among other FLSA violations, the Chicago Police Department's practice of failing to accurately record all hours worked and failing to pay employees at their regular rate for hours worked including overtime compensation.

42. Named Plaintiffs' experiences are typical of the experiences of the putative classes.

43. A Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, email addresses, phone numbers, and home addresses are readily available from the Chicago Police Department. Notice can be provided to the putative classes via first class mail to the last address known to the Chicago Police Department and/or through electronic mail using the Chicago Police Department's electronic mail system and intranet capabilities.

44. Defendant has failed to keep appropriate records as required by the FLSA, with respect to the Named Plaintiffs and putative classes, sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45. The foregoing conduct of Defendant is in willful violation of the rights of Named Plaintiffs and the putative classes under the Fair Labor Standards Act of 1938, as amended.

**RELIEF**

WHEREFORE, Named Plaintiffs and the putative classes respectfully request that this Court:

A. At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Chicago Police Department employees of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing said employees that it is illegal for the Chicago Police Department to take any actions in retaliation of their consent to join this action;

B. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiffs, and all others similarly situated, of their entitlement under the FLSA, by:

 i. Failing to include the hours worked in special employment, special events, and "overtime" programs, as part of their hours worked in a twenty-eight (28) day work period;

 ii. Failing to include the rate of pay for hours worked in special employment, special events, "overtime" programs, and out-of-grade pay as part of their regular rate;

 iii. Failing to pay them for hours worked in excess of one hundred and seventy-one (171) at a rate not less than one and one-half (1½) times the regular rate at which they are employed; and

 iv. Violating any other statutory obligations to which Named Plaintiffs and the putative classes are entitled to under the FLSA.

C. Award each Plaintiff monetary damages in the form of hourly compensation, overtime compensation and liquidated damages equal to his or her unpaid compensation and overtime compensation;

D. Award Plaintiffs their reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

E. Grant such other relief as may be just and proper.

## COUNT II:
## VIOLATION OF STATE LAW IWPCA
### (Class Action Pursuant to Fed. R. Civ. P. 23)

46. Count II fully incorporates all facts in paragraphs 1-45 as if fully stated herein.

47. The matters set forth in this Count arise from Defendant's violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*.

48. Defendant has violated the IWPCA by failing to pay Named Plaintiff Kereakes and the putative class of Supervisors all compensation and wages due to them in accordance with 820 ILCS §§ 115/2-4. Defendant administered an unlawful compensation system that failed to provide compensation to Named Plaintiffs and the putative classes in accordance with the wage agreements between Supervisors and Defendant. (Agreements attached as Exhibits 3-5.)

49. Pursuant to 820 ILCS 115/14(a), Named Plaintiff Kereakes and the putative class of Supervisors are entitled to recover unpaid compensation and wages for ten years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

50. As a result of Defendant's unlawful practice, Named Plaintiff Kereakes and the putative class of Supervisors suffered a loss of unpaid compensation and wages. This action is brought to recover unpaid compensation and wages, statutory penalties, and damages owed.

51. The foregoing conduct of Defendant is in violation of the rights of Plaintiff Kereakes and the putative class of Supervisors under IWPCA §§ 820 ILCS 115/2-4 and 14.

52. The Defendant's violation of the IWPCA was willful in that the Defendant was aware, or should have been aware, of its obligations under the IWPCA, but nevertheless attempted to circumvent its provisions.

53. This action is brought as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) because the putative class of Supervisors is so numerous that joinder of all class members is impracticable.

54. Plaintiff Kereakes and the putative class of Supervisors have all been affected by Defendant's unlawful non-payment of compensation and wages.

55. Plaintiff Kereakes's experiences are typical of the experiences of the putative class of Supervisors employed by Defendant.

56. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, which may exist between the members of the class.

57. Named Plaintiff Kereakes and the putative class of Supervisors have a commonality of interest in the subject matter and the remedy sought.

58. Plaintiff Kereakes is able to fairly and adequately represent and protect the interests of the putative classes.

59. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

60. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to Named Plaintiff and the putative class of Supervisors, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## RELIEF

WHEREFORE, Named Plaintiff Kereakes and the putative class of Supervisors respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Named Plaintiff and the putative class of their entitlements under the IWPCA;

B. Enter injunctive relief enjoining Defendant from violating the IWPCA;

C. Determine that this action may be maintained as a class action, pursuant to Fed. R. Civ. P. 23;

D. Appoint Named Plaintiff Kereakes as Class representative;

E. Appoint Plaintiff Kereakes's Counsel as Counsel for the Class;

F. Award Named Plaintiff Kereakes and the putative class of Supervisors monetary damages in the form of unpaid compensation and wages due and owing;

G. Award Named Plaintiff Kereakes and the putative class of Supervisors reasonable attorneys' fees, costs, and expenses, to be paid by Defendant;

H. Award Named Plaintiff Kereakes and the putative class of Supervisors statutory, liquidated, penalty, and/or punitive damages pursuant to the IWPCA;

I. Award Plaintiff Kereakes and the putative class of Supervisors pre-judgment interest pursuant to 815 ILCS 205/2; and

J. Grant such other relief as may be just and proper.

## COUNT III:
## VIOLATION OF STATE LAW IMWL
### (Class Action Pursuant to Fed. R. Civ. P. 23)

61. Count III fully incorporates all facts in paragraphs 1–60 as if fully stated herein.

62. The matters set forth in this Count arise from Defendant's violations of the minimum wage, 820 ILCS 105/4, and overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a).

63. Defendant violated the IMWL, 820 ILCS 105/4(a), by refusing to compensate Named Plaintiffs and the putative classes for overtime for all hours worked in excess of their regularly worked hours in a given work period at a rate not less than one and one-half times the regular rate at which they were employed.

64. Pursuant to 820 ILCS 105/12(a), Named Plaintiffs and the putative classes are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month.

65. The Defendant's violation of the IMWL was willful in that the Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

66. This action is brought as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) because the putative classes are so numerous that joinder of all class members is impracticable.

67. Named Plaintiffs and the putative classes have all been affected by Defendant's unlawful non-payment of compensation and wages.

68. Plaintiffs' experiences are typical of the experiences of the putative classes employed by Defendant.

69. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, which may exist between the members of the classes.

70. Named Plaintiffs and the putative classes have a commonality of interest in the subject matter and the remedy sought.

71. Named Plaintiffs are able to fairly and adequately represent and protect the interests of the putative classes.

72. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

73. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to Named Plaintiffs and the putative classes, to the Court and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**RELIEF**

WHEREFORE, Named Plaintiffs and the putative classes respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Named Plaintiffs and the putative classes of their entitlements under the IMWL;

B. Enter injunctive relief enjoining Defendant from violating the IMWL;

C. Determine that this action may be maintained as a class action, pursuant to Fed. R. Civ. P. 23;

D. Appoint Named Plaintiffs as Class representatives;

E. Appoint Plaintiffs' Counsel as Counsel for the Classes;

F. Award Named Plaintiffs and the putative classes monetary damages in the form of unpaid overtime wages due and owing to the Plaintiffs for each hour the Plaintiffs worked but for which the Defendant failed to pay the Plaintiffs at a rate equal to one and one-half times the regular rate at which the Plaintiffs were employed;

G. Award Plaintiffs compensation and liquidated damages equal to their unpaid compensation,

H. Award Named Plaintiffs and the putative classes reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

I. Award Named Plaintiffs and the putative classes statutory, penalty, and/or punitive damages pursuant to the IMWL;

J. Award Named Plaintiffs and the putative classes pre-judgment interest pursuant to 815 ILCS 205/2; and

K. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

              Respectfully Submitted,

              *s/Paul D. Geiger*
              PAUL D. GEIGER

Law Offices of Paul D. Geiger
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060