# EXHIBIT D

| | |
|---|---|
| **From:** | Kellam, Matt |
| **Sent:** | Monday, January 30, 2023 12:03 PM |
| **To:** | Paul Geiger; Will Aitchison; Ronald Dahms |
| **Cc:** | Naber, Jennifer; Kellam, Matt |
| **Subject:** | Dougherty -- January 31 Conference |

---

Counsel,

The City plans to raise the issues addressed below as part of tomorrow's 2:00 p.m. Rule 37 conference.

### Plaintiffs' responses to the City's Third Set of Interrogatories:

### Responses to Interrogatories Nos. 3 and 4:

For each of these interrogatories, Plaintiffs provided a response to subsection (a), but not subsections (b) and (c). In their responses to Interrogatories Nos. 3 and 4, Plaintiffs incorrectly object that "subparagraphs (b) and (c) do not set forth plaintiffs' claims as stated in the opening paragraph of the interrogatory; the interrogatory is unduly vague."

The language in subsections (b) and (c) of Interrogatories 3 and 4 is not vague; to the contrary, those subsections address key legal positions the City has been advancing in this case for years. Therefore, Plaintiffs' objection is improper. Moreover, notwithstanding Plaintiffs' objection, they are required to provide a substantive response, as the City is entitled to the requested information. Accordingly, the City requests that Plaintiffs provide substantive responses to subsections (b) and (c) of Interrogatories 3 and 4. In addition, to alleviate the sole basis for your objection to the use of the word "claim," the City agrees to remove that word.

### Responses to Interrogatories Nos. 5 and 6:

During one of the Parties' recent meet and confers, Plaintiffs stated that they do not intend to provide responses to Interrogatories 5 and 6 at this time. Plaintiffs failed to identify any date certain (or even a general timeframe) on which they will respond to these interrogatories. Plaintiffs' position is unacceptable, and they need to perform the requested damages calculations now. Indeed, any claim by Plaintiffs that it is premature for them to perform the requested damages calculations is belied by their prior discovery request for the City to perform damages calculations for specific officers (which the City did).

Plaintiffs need to respond in full to Interrogatories 5 and 6, and the City requests that they do so by February 8, 2023. If you believe that you are missing information to provide a response, you need to describe exactly what information you are missing that prevents you from performing the requested damage calculations.

### Plaintiffs' responses to the City's Second Request for the Production of Documents:

**Production requests Nos. 5 and 6:**

For each of these production requests, Plaintiffs provided a response to subsection (a), but not subsections (b) and (c). In their responses to production request Nos. 5 and 6, Plaintiffs incorrectly object that "subparagraphs (b) and (c) do not describe Plaintiffs' claims as stated in the opening paragraph of the interrogatory but rather to City defenses."

The language in subsections (b) and (c) of production requests 5 and 6 addresses key legal positions the City has been advancing in this case for years. Further, Plaintiffs' objection implies that they take the position that they must respond to discovery requests only relating to their claims, but not the City's defenses. That position completely lacks any merit. Therefore, Plaintiffs' objection is improper. Moreover, notwithstanding Plaintiffs' objection, they are required to provide a substantive response and identify and produce responsive documents.

For these reasons, the City requests that Plaintiffs provide substantive responses to subsections (b) and (c) of production requests 5 and 6, and identify and produce the responsive documents. Also, the City removes the word "claim" from the request, which resolves your objection.

**Production request No. 11:**

In their response to this request, Plaintiffs state, "please see all the City's manually maintained and/or electronic timekeeping records produced by Defendant to Plaintiffs in this litigation."

The City requests that Plaintiffs specifically identify, by Bates number, the documents that are referenced in this response, just as the City recently did in its supplemental discovery responses to Plaintiffs' requests.

**<u>Plaintiffs' responses to the City's Requests to Admit:</u>**

As a follow-up to our recent Rule 37 discussion and e-mail correspondence, the City will further address RTA Nos. 21 and 23 (and, by extension, Plaintiffs' response to Interrogatory No. 2).

Regards,

Matt

**Matthew P. Kellam**
Partner
**O** 312.467.9800 | mkellam@lanermuchin.com

**LANER MUCHIN, LTD.**

*The Workplace Intelligence Firm*

515 North State Street, Suite 2800, Chicago, IL 60654
lanermuchin.com | LinkedIn | Twitter

This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank You.